**SHI HA ZHA, Bing Hai Yu, Xin Xu Yu, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nos. 03–4887–ag(L), 03–4888–ag (CON), 03–4889–ag(CON).

United States Court of Appeals, Second Circuit.

March 3, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Robert Clark Corrente, United States Attorney for the District of Rhode Island; Lee H. Vilker, Assistant United States Attorney, Providence, Rhode Island, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Shi Ha Zha ("Zha"), Bing Hai Yu ("Yu"), and Xin Xu Yu ("Xin"), through counsel, petition for review of the April 2003 BIA order affirming an immigration judge's ("IJ") decision denying their applications for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history in these consolidated cases.

This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

■ The IJ's adverse credibility determination was not supported by substantial evidence. Although the IJ accurately observed that Zha had initially testified she left China in 1993, Zha clarified during the prior hearing that she actually left in April 1994. She also stated in her written application and in the airport interview that she departed China in April 1994. More importantly, Zha consistently testified throughout the hearing that she had an abortion in May, 1993, which was consistent with her written application, and which involved the heart of her claim.

The IJ erred in failing to acknowledge or assess Zha's explanation for why she had given a different date of marriage in her airport statement, than the date to which she testified at the 1999 hearing; failed to explain why he discounted Zha's explanation for providing different birth dates for her children during the airport statement than in her later testimony, although he acknowledged that one set of birth dates corresponded to the Chinese lunar calendar; and unreasonably found that a motivation to look for work in the United States undermined Zha's credibility, when she made it clear that the main reason she left China was to avoid the family planning policy. An applicant's decision to come to the United States where there are better economic prospects does not preclude her from seeking asylum when the applicant has departed her home country due to the serious consequences of her political opinion. *See Osorio v. INS*, 18 F.3d 1017, 1028–30 (2d Cir.1994).

 Moreover, the IJ's finding with respect to Zha and Yu's dismissal from work, too, is flawed. The IJ found that "it would be understandable that any person who did not go back to work would obviously lose their [*sic*] position," but did not take into account Zha and Yu's testimony that they did not return to work after May 9 because they went into hiding after violating the family planning policy. In addition, the IJ misunderstood Zha's testimony to indicate that the Chinese government directly threatened her husband with sterilization. However, both Zha and Yu testified to their belief that if Zha was not available (i.e., had left China or could not be found), and Yu remained in China, he would be sterilized. While the IJ accurately observed that Zha omitted her fear of being sterilized from the written application, this omission cannot form the basis for an adverse credibility finding. The crux of Zha's claim is that she underwent a forced abortion in May 1993, and the allegation that she was then ordered to return for sterilization is ancillary to her claim.

 Finally, the record does not support the IJ's finding that it was implausible that the IUD would "simply, physically drop out of an individual after having been inserted in her for a period of approximately 13 to 14 years." The State Department Report on country conditions in China indicated that the failure of IUDs did occur, although it was unclear with what frequency.

 On the other hand, substantial evidence supports the IJ's determination that Zha's son, Xin, failed to present evidence of any acts of prior persecution directed towards him. Xin testified that he could not return to school because he had to pay a higher fee due to his parents's violation of the family planning policy. He also stated that he was barred from participating in school elections. He denied being married or having been threatened with sterilization. Xin also stated that if he returned to China, he would again experience discrimination and high tuition. Based on this testimony, the IJ correctly denied Xin's asylum application, because he did not establish that he had suffered past persecution or faced a risk of future persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005).

For the foregoing reasons, the petition for review with respect to Zha and Yu's claims is GRANTED, the April 2003 decision of the BIA is VACATED, and the case is REMANDED. With respect to Xin's case, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).